# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STATE FARM FIRE & CASUALTY COMPANY,**

           **Plaintiff,**

**-vs-**                                         Case No. 6:10-cv-1103-Orl-31GJK

**SILVER STAR HEALTH AND REHAB INC., JUDITH MCKENZIE and JEAN COLIN,**

           **Defendants.**

## ORDER AND DECLARATORY JUDGMENT

This cause comes before the Court on a Motion for Declaratory Judgment (Doc. 287), filed by Plaintiff, State Farm Fire & Casualty Company ("State Farm"); a Response (Doc. 292) filed by Defendant Silver Star Health and Rehab, Inc. ("Silver Star"); and Plaintiff's Reply (Doc. 297).

State Farm's Complaint contains two Counts, one for unjust enrichment for payments made to Silver Star (Count I) and the other for declaratory judgment for the claims submitted, but not yet paid (Count II). (Doc. 1). Only the unjust enrichment claim was sent to the jury, the Court must now consider Count II. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

On February 23, 2012, judgment was entered in favor of State Farm on Count I of the Complaint (unjust enrichment). State Farm now moves for declaratory judgment on the remaining question: Is State Farm legally obligated to pay Silver Star for claims submitted, but not yet paid?

Pursuant to the findings of the Jury and the Court's own review of the evidence, this question must be answered in the negative.

As an initial matter, the Court agrees with the Jury's verdict. The evidence clearly supports State Farm's contention that McKenzie and Colin entered into an agreement with the clear purpose of avoiding Florida law–there is no evidence that McKenzie was ever the "whole owner" of Silver Star. Silver Star now seeks denial of the instant Motion, however, on the grounds that the Jury's verdict was based solely on Silver Star's ownership status between August 2008 and May 2010. As such, it argues that factual issues remain as to whether that status changed after May 2010.

It is true that State Farm stopped paying Silver Star on May 6, 2010 when it learned of the possible licensing violation. The main issue in this case, however–was Silver Star wholly owned by McKenzie–was never temporally limited, and a separate evidentiary hearing on the declaratory judgment claim was never contemplated. At the final pre-trial conference held on January 13, 2012, the Court specifically noted that,

> [t]here are some interesting issues in terms of what a jury is supposed to determine and what ultimately the Court needs to decide; but, really, the only issue for this jury to determine is whether Silver Star is wholly owned by McKenzie, because if it is, Silver Star is exempt and State Farm has no claim. If it's not wholly owned, then State Farm's position is that they have no legal obligation to pay the benefits. They're entitled to get their money back, *and entitled to a declaratory judgment from me that they don't owe any more money.*

(Doc. 184 at 7:10-19) (emphasis added). Further, in ruling on State Farm's motion to strike Defendants' jury demand, the Court noted, "[t]hus, in hearing Count I, the jury will be asked to decide whether Silver Star must reimburse State Farm for the benefits paid. The Court will enter a declaratory judgement consistent with the jury's verdict as to Count II." (Doc. 180). With this understanding, the Jury was asked, simply, "Was Silver Star 'wholly owned' by Dr. Judith McKenzie?" (Doc. 280).

From the beginning of this case, State Farm has maintained that Silver Star was, and continues to be, operating in violation of Florida law. For example, the Complaint alleged that Silver Star's billing was "*and continued to be* false, misleading and deceptive, " (Doc. 1, ¶45) (emphasis added), and it sought declaratory judgment as to whether "*any* bills submitted by the defendants are properly payable." (Doc. 1, ¶46) (emphasis added). State Farm introduced a variety of evidence at trial related to Silver Star's ownership status after May 2010. (Docs. 282-7 through 282-16, 282-18, 282-19, 282-23, 282-25, 282-31, 282-32). Indeed, there is ample evidence for the Court to conclude that ownership status of Silver Star did not materially change after May 2010.

Silver Star raises a temporal issue now for the first time, post-trial. It never objected to this evidence on the grounds that it was outside the relevant time period and it never presented evidence to suggest that the ownership status changed after May 2010. It is disingenuous to raise such arguments now. The Court made it clear that it would render judgment on Count II consistent with the Jury's verdict in Count I, no secondary evidentiary proceeding was contemplated.

Therefore, it is **ORDERED** that State Farm's Motion for Declaratory Judgment (Doc. 287) is **GRANTED**. Based on the evidence at trial and the Jury's verdict, it is **DECLARED** that State Farm is not legally obligated to pay Silver Star for any claims submitted up to and including the date of this judgment.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 27, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

                                                  GREGORY A. PRESNELL
                                         UNITED STATES DISTRICT JUDGE